**ALVERSON TAYLOR & SANDERS**
MATTHEW PRUITT, ESQ.
Nevada Bar #12474
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
Fax (702) 385-7000
efile@alversontaylor.com
*Attorneys for Trina Solar US, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRINA SOLAR US, INC., a Delaware Corporation; | CASE NO.: <br> DEPT. NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| RICHARD CARSON-SELMAN aka RICHARD CARSON aka RICHARD SELMAN, an individual; and JOLANDE CARSON-SELMAN aka JOLANDE CARSON aka JOLANDE SELMAN aka JOLANDE CARSON-DUINKER; KIRBY WELLS & ASSOCIATES AS TRUSTEE FBO LIME LIGHT DOMESTIC NON GRANTOR INSURANCE TRUST U/A/D 05-12-2005; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants | |

COMES NOW Plaintiff, TRINA SOLAR US, INC. ("TRINA"), by and through its attorneys, ALVERSON TAYLOR & SANDERS, and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1.  Plaintiff, TRINA SOLAR US, INC., is a Delaware Corporation with its principal

place of business in California.

2. RICHARD CARSON-SELMAN aka RICHARD CARSON aka RICHARD SELMAN (hereinafter "RICHARD"), is and was, at all times relevant herein, a resident of the state of Nevada, the County of Clark.

3. JOLANDE CARSON-SELMAN aka JOLANDE CARSON aka JOLANDE SELMAN aka JOLANDE CARSON-DUINKER (hereinafter "JOLANDE"), is and was, at all times relevant herein, a resident of the state of Nevada, the County of Clark.

4. KIRBY WELLS & ASSOCIATES AS TRUSTEE FBO LIME LIGHT DOMESTIC NON GRANTOR INSURANCE TRUST U/A/D 05-12-2005 (the "LIMELIGHT TRUST" or "LIMELIGHT") is and was, at all times relevant herein, a trust formed under the laws of the State of Nevada, with trustee(s) based in Clark County, Nevada.

5. DOES I through X, inclusive, are individuals which are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names and Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

6. ROE BUSINESS ENTITIES I through X, inclusive, are associations, corporations, partnerships, or other entities which are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names and Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Jurisdiction is appropriate under diversity jurisdiction pursuant to 28 USC § 1332(a), as there is complete diversity of citizenship between the parties, and the amount at issue is greater than $75,000 exclusive of interest and costs.

8. Alternatively, jurisdiction is appropriate under federal question jurisdiction pursuant to 28 USC § 1331, because the relief requested is directly related to a question of the applicability of a federal judgment against the Defendants.

MP/26684

9. Venue in this District is proper as the Defendants live within the boundaries of this District.

## FACTUAL ALLEGATIONS

10. On or about November 20, 2012 RICHARD, the managing member for a company called JRC Services LLC ("JRC"), a Nevada limited liability company, executed the PV Modules Sales Contract ("Contract") under JRC's name for the purchase of solar module products from TRINA to be delivered to a warehouse in Australia.

11. Pursuant to purchase orders made under the Contract, TRINA delivered the product as agreed-upon, but was never paid for the product.

12. On January 21, 2016 an arbitrator entered a final award against JRC and a related company, Jasmin Solar Pty Ltd., in favor of TRINA in the amount of $1,305,131.00 USD.

13. A judgment confirming the arbitration (the "Judgment") was entered on January 18, 2017 in the US District Court for the Southern District of New York.

14. Following an appeal the judgment was amended on May 18, 2020 to remove Jasmin Solar Pty Ltd. from the judgment (the "Amended Judgment").

15. The Amended Judgment against JRC was registered in the US District Court for the District of Nevada on June 10, 2020. *See* Exhibit 1.

16. JRC ceased all daily operations by late 2010 to early 2011.

17. Prior to late 2010 and early 2011 JRC had operated as a marketing/sales/ administrative office supporting another entity out of Geneva, Switzerland in the credit card processing arena.

18. RICHARD was and is the sole managing member of JRC. *See* Exhibit 2.

19. Despite representing to TRINA in November 2012 that JRC was a viable entity, and creditworthy for the purchase of more than a million dollars in solar panels, RICHARD later

admitted during his debtor's examination that, at the time it entered into the Contract with TRINA, JRC was actually "a nothing company ... it was absolutely a nothing company." *See* Examination of Richard L. Carson-Selman 51:10-22.

20. JRC has not held regular meetings, or produced business statements or annual reports.

21. When asked whether JRC would hold regular shareholder meetings RICHARD replied "No." *See* Examination of Richard L. Carson-Selman 82:12-14.

22. JRC never had a formal issuance of membership interest. *See* Examination of Richard L. Carson-Selman 82:3-5.

23. JRC has never filed any tax returns, because its tax returns were filed under RICHARD's personal tax returns.

24. When asked about whether JRC ever filed taxes RICHARD replied, "It did not." *See* Examination of Richard L. Carson-Selman 64:3-4. When asked why, RICHARD replied, "They were filed under my own personal tax returns" … "because I was the sole owner of JRC." *See* Examination of Richard L. Carson-Selman 64:5-9.

25. JRC never had its own address, but was run out of RICHARD's house(s), "running the business … from the proverbial kitchen table," including, without limitation, such home addresses as 1111 Desert Lane and 2301 Plaza Del Grande, Las Vegas, NV 89102. *See* Examination of Richard L. Carson-Selman 64:17-65:16.

26. RICHARD stated that in 2012 "There was no business, so I didn't have to run it from the proverbial kitchen table, but I would have, if there had been." *See* Examination of Richard L. Carson-Selman 65:13-22.

27. JRC has never had an operating agreement. *See* Examination of Richard L. Carson-Selman 87:20-24.

28. In 2012 JRC held no assets.

4

MP/26684

29. When asked if when JRC was operating "did it own any assets such as cars, properties, or anything like that?" RICHARD responded "Nothing." *See* Examination of Richard L. Carson-Selman 82:18-21.

30. RICHARD and JOLANDE were legally married in 1988. *See* Examination of Richard L. Carson-Selman 26:22-23.

31. RICHARD and JOLANDE obtained a sham divorce, through a decree filed on March 30, 2009, in order to avoid paying creditors. *See* Exhibit 3.

32. RICHARD continues to live with JOLANDE, and their daughter, at 2301 Plaza Del Grande, Las Vegas, NV 89102.

33. When asked whether he currently lives with JOLANDE, RICHARD replied "correct." *See* Examination of Richard L. Carson-Selman 25:3-7.

34. RICHARD runs money and assets through JOLANDE and their trusts to avoid creditors.

35. RICHARD formed the LIMELIGHT TRUST on or around May 12, 2005.

36. RICHARD used statements of LIMELIGHT's accounts on or around August 22, 2012 to entice Plaintiff to increase his and JRC's credit line and to provide him and JRC with the goods which he ultimately did not pay for. *See* Exhibit 4.

37. RICHARD represented to Plaintiff that the LIMELIGHT TRUST was his trust, and that the funds held in its accounts could be relied upon for purposes of increasing his and JRC's credit line. *See* Exhibit 4.

38. On information and belief, RICHARD is a beneficiary of the LIMELIGHT TRUST.

39. On information and belief, RICHARD is the settlor/trustor of the LIMELIGHT TRUST.

40. On information and belief, RICHARD is a co-trustee of the LIMELIGHT TRUST.

MP/26684

### FIRST CAUSE OF ACTION
### FOR ALTER EGO
### (AGAINST RICHARD AND LIMELIGHT TRUST)

41. Plaintiff repeats and realleges the preceding paragraphs, and incorporates the coming paragraphs, as if set forth herein.

42. JRC is influenced and governed by RICHARD and LIMELIGHT.

43. RICHARD is the sole managing member of JRC, and the two are inseparable from one another.

44. RICHARD received a substantial amount of product from TRINA under a November 20, 2012 Contract with JRC which he has benefitted from but not paid for, and adherence to the corporate/LLC fiction of JRC would under the circumstances sanction fraud and promote injustice.

45. RICHARD had represented to TRINA that JRC was a viable entity capable of performing under the Contract with TRINA, but in reality, by RICHARD's own admission, JRC was a shell entity.

46. RICHARD and JRC have comingled funds and failed to observe corporate/LLC formalities, including by holding member meetings, recording minutes and approving transactions.

47. RICHARD has treated JRC's assets as his own, and JRC is undercapitalized.

48. Plaintiff alleges that JRC is and was a mere shell and sham without capital, assets, and or members (other than RICHARD), and that said LLC was intended and used by RICHARD as a device to avoid individual liability and for the purpose of substituting a financially insolvent LLC in place of himself.

49. Adherence to the fiction of a separate existence of JRC and RICHARD would permit abuse of the limited liability company privilege and would sanction fraud in that Defendant RICHARD caused funds to be withdrawn from JRC and distributed without any consideration for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiff,

6   MP/26684

thereby rendering JRC insolvent and unable to meet its obligations.

50. As a direct and proximate result of the acts and omissions complained of herein, RICHARD and JRC are jointly and severally liable, for the judgment Plaintiff has against JRC, and for all relief sought herein against RICHARD by Plaintiff.

51. As a direct and proximate result of RICHARD's and LIMELIGHT's actions, Plaintiff has suffered and continues to suffer damages of at least $1,305,131.00 USD, exclusive of fees and costs.

52. RICHARD is the alter ego of JRC, and TRINA's judgment against JRC is enforceable personally against RICHARD.

53. LIMELIGHT is the alter ego of RICHARD.

54. RICHARD and LIMELIGHT are inseparable from one another and RICHARD used LIMELIGHT for purposes of inducing Plaintiff to do business with JRC; therefore, for all of the same reasons why RICHARD is the alter ego of JRC, LIMELIGHT is also the alter ego of JRC.

55. LIMELIGHT is the alter ego of JRC, and TRINA's judgment against JRC is enforceable personally against LIMELIGHT.

56. As a further result of Defendants' conduct, Plaintiff has had to retain the services of an attorney, for which Plaintiff has incurred and will continue to incur attorney's fees and costs in at least the sum of $250,000 or according to proof at the time of trial.

**SECOND CAUSE OF ACTION**
**FOR FRAUDULENT TRANSFER**
**(AGAINST ALL DEFENDANTS)**

57. Plaintiff repeats and realleges the preceding paragraphs, and incorporates the coming paragraphs, as if set forth herein.

58. RICHARD has received funds and assets from JRC which were transferred to him in order to avoid payment of TRINA's judgment against JRC.

MP/26684

59. LIMELIGHT received funds and assets from JRC and/or RICHARD and/or JOLANDE which were transferred to it in order to avoid payment of TRINA'S judgment against JRC.

60. JOLANDE has received funds and assets from RICHARD and JRC which were transferred to her in order to avoid payment of TRINA's judgment against JRC.

61. RICHARD and JOLANDE's divorce was a sham used only to avoid creditors, and all transfer of property transferred to JOLANDE from RICHARD in the divorce is a fraudulent transfer under NRS 112.

62. Because the divorce was a sham and a fraudulent transfer, JOLANDE's property acquired after the divorce continues to be the community property between her and RICHARD.

63. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the amount of fraudulently transferred assets, to be determined at trial, or alternatively $1,305,131.00 USD, exclusive of fees and costs.

64. These fraudulent transfers should be avoided pursuant to NRS 112.210, or other relief provided for in that section should be provided for.

65. As a further result of Defendants' conduct, Plaintiff has had to retain the services of an attorney, for which Plaintiff has incurred and will continue to incur attorney's fees and costs in at least the sum of $250,000 or according to proof at the time of trial.

**THIRD CAUSE OF ACTION
FOR PERSONAL LIABILITY
PURSUANT TO NRS 86.361
(AGAINST RICHARD)**

66. Plaintiff repeats and realleges the preceding paragraphs, and incorporates the coming paragraphs, as if set forth herein.

67. JRC entered into a Contract with TRINA, through RICHARD, in 2012, two years

after it had ceased operations.

68. No annual list has been filed, and fees have not been paid, for JRC since July 29, 2016. *See* Exhibit 2.

69. JRC is a revoked entity and has not been legally able to do business since July 31, 2017. *See* Exhibit 2.

70. Since that time RICHARD has continued to participate under the name of JRC in arbitration and litigation against TRINA.

71. Because RICHARD has assumed to act as JRC when JRC was a revoked company, he had no authority to do so, and is thus jointly and severally liable for all debts and liabilities of JRC, including TRINA's Amended Judgment.

72. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages of at least $1,305,131.00 USD, exclusive of fees and costs.

73. Pursuant to NRS 86.361 RICHARD is liable to pay TRINA's Amended Judgment against JRC.

74. As a further result of Defendants' conduct, Plaintiff has had to retain the services of an attorney, for which Plaintiff has incurred and will continue to incur attorney's fees and costs in at least the sum of $250,000 or according to proof at the time of trial.

**WHEREFORE**, Plaintiff requests judgment as set forth below:

1. For an order setting aside JRC's corporate fiction and entering judgment against RICHARD and LIMELIGHT as alter egos of JRC;

2. For an order piercing the corporate veil against RICHARD;

3. That TRINA's Amended Judgment against JRC be entered against RICHARD and LIMELIGHT, and enforced against them personally;

4. That relief under NRS 112.210 be granted against RICHARD, LIMELIGHT and JOLANDE in favor of TRINA for any property found to have been fraudulently transferred under the provisions of NRS 112;

5. That RICHARD be held jointly and severally liable for the debts and liabilities of JRC pursuant to NRS 86.361;

6. That RICHARD and JOLANDE's divorce be determined as a sham and declared a fraudulent transfer;

7. That execution against property or money held in JOLANDE's name be executable against as community property, or as a fraudulently transferred asset;

8. For an award of compensatory, general, consequential and special damages of at least $1,305,131.00 USD;

9. Reasonable attorney's fees and costs incurred herein in at least the sum of $250,000;

10. For such other and further relief as deemed proper by this Court.

DATED this 15th day of July, 2020.

ALVERSON TAYLOR & SANDERS

MATTHEW PRUITT, ESQ.
Nevada Bar #12474
SCOT SHIRLEY, ESQ.
Nevada Bar #15326
6605 Grand Montecito Pkwy
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
Fax (702) 385-7000
efile@alversontaylor.com
*Attorneys for Trina Solar US, Inc.*

M:\CLIENTS\26684\pleadings\Complaint v5.doc