UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Trina Solar US, Inc., | Case No. 2:20-cv-01308-JCM-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Richard Carson-Selman, et al. | |
| Defendants. | |

Plaintiff Trina Solar U.S., Inc. moves for an order extending the time for service—and to allow service by publication—upon defendant Kirby Wells & Associates as Trustee FBO Lime Light Domestic Non Grantor Insurance Trust U/A/D 05-12-2005 (the "Limelight Trust"). The Court finds that Trina Solar has established excusable neglect for its failure to serve Limelight Trust, so the Court will extend the time for service. However, the Court also finds that Trina Solar has not made the requisite showing for service by publication. Specifically, Trina Solar has established that it attempted service upon Limelight Trust at three different addresses, but Trina Solar did not explain where those addresses came from and what efforts (if any) were made to locate additional addresses. For now, then, the Court will deny Trina Solar's request to serve Limelight Trust by publication. If Trina Solar chooses to file another motion for service by publication, the Court will expedite its resolution.

**I.      Background.**

Trina Solar is a judgment creditor for a $1,305,131.00 arbitration award against non-party JRC Services LLC ("JRC"). ECF No. 1 at 3. In its attempt to collect on its judgment, Trina Solar learned that JRC is "a nothing company." *Id.* Defendant Richard Carson-Selman ("Richard") is JRC's sole member and owner. *Id.* at 4.

Trina Solar alleges that Richard is a settlor, trustor, beneficiary, and alter ego of Limelight Trust. *Id.* at 5, 6. Trina Solar further alleges that Limelight Trust received funds and assets from JRC and Richard, so that the latter two could avoid payment of Trina Solar's judgment. *Id.*

**II.    Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e)(1) provides that service can be effected in accordance with law of the state where the district court is located. This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1]    NRCP 4.4 provides:

(c) **Service by Publication.**  If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
     (A) cannot, after due diligence, be found;
     (B) by concealment seeks to avoid service of the summons and complaint; or
     (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
     (A) through pleadings or other evidence establish that:
        (i)  a cause of action exists against the defendant who is to be served; and
        (ii)  the defendant is a necessary or proper party to the action;
     (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
     (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
     (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
     (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
        (i) the defendant's last-known address;
        (ii) the dates during which the defendant resided at that location; and
        (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found.  NRCP 4.4(c).

Here, the Court will deny Trina Solar's motion because Trina Solar does not adequately explain what efforts were made to locate Limelight Trust.  Trina Solar's evidence shows that its three process servers attempted service upon Limelight Trust at three different addresses.  However, Trina Solar does not explain where those addresses came from and what efforts were made to identify additional addresses.  Trina Solar represents that neither its counsel nor process servers have additional information regarding where Limelight Trust "resides" or "works," but Trina Solar has not shown how it got its information in the first place or what efforts it made to acquire additional information.  For example, none of the process servers state that they conducted a search of public or proprietary records to identify other possible addresses for Limelight Trust.  In other words, Trina Solar has provided evidence to show its efforts to serve Limelight Trust at the three aforementioned addresses, but it has not provided sufficient evidence setting forth its efforts to *locate* Limelight Trust.  *See* NRCP 4.4(c)(2)(B) (requiring a movant to

---

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process.  NRCP 4.2(a); FED. R. CIV. P. 4(e)(2).  NRCP 4.3 governs service of individuals located outside Nevada or outside the United States.  NRCP 4.4(a) governs service in a manner prescribed by statute.  And NRCP 4.4(b) governs service "through any alternative service method."

"provide affidavits, declarations, or other evidence . . . demonstrating the efforts . . . to locate ***and*** serve the defendant").

Accordingly, Trina Solar's motion for service by publication will be denied without prejudice. If Trina Solar chooses to file another motion to address the Court's concerns, the Court will expedite that motion's resolution.

### III.     Deadline for service

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, Trina Solar filed its complaint on July 16, 2020, ECF No. 1, which means that the deadline for service expired on September 14, 2020. At the first step, the Court, in its discretion, finds that Trina Solar has not been diligent because it filed its motion on October 8, 2020, which is after the expiration of the service deadline. Thus, the Court moves to the second step in the Rule 4 analysis.

The Ninth Circuit has declined to articulate a specific test that a court must apply at the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad. *Id.* However, other courts have assessed the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, after considering the four *Trueman* factors, the Court exercises its discretion to extend the time for service. First, the Court can discern no prejudice that an extension would

have on Limelight Trust (or on other defendants who have appeared but chosen not to oppose Trina Solar's service motion).  Second, this case has not advanced beyond the pleading stage, so a 60-day delay will have little, if any, impact on the proceedings.  Third, the Court finds that the reason for the delay—Trina Solar's difficulty in locating an address where Limelight Trust can be served—likewise weighs in favor of an extension.  Trina Solar's motion shows that it attempted service upon Limelight Trust at three different addresses throughout July and August.  Although the Court already found that Trina Solar was not diligent in bringing its motion and failed to set forth its efforts to locate Limelight Trust, it is evident to the Court that Trina Solar has not sat on its hands.  Fourth and finally, the Court believes that Trina Solar moves in good faith.

## IV.  Conclusion.

IT IS THEREFORE ORDERED that plaintiff's motion to serve defendant by publication and for an order granting extension of time (ECF No. 22) is GRANTED in part and DENIED in part.  The deadline for service upon Limelight Trust is extended 60 days from today's order.  The motion is otherwise denied.

DATED: November 20, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE