UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRINA SOLAR US, INC., | Case No. 2:20-CV-1308 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| RICHARD CARSON-SELMAN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Trina Solar US, Inc.'s ("plaintiff") motion to extend time (one week before the deadline) (ECF No. 52) to file a response to defendant Richard Carson's ("defendant") motion for summary judgment (ECF No. 50). This is plaintiff's first request for an extension.

Defendant filed his motion for summary judgment on September 23, 2021, triggering a response deadline for plaintiff of October 14, 2021. Plaintiff argues that its pendent motion for discovery sanctions filed on July 16, 2021, (ECF No. 33) inhibits it from submitting a comprehensive response to defendant's summary judgment motion since the outcome of that motion "may have substantive implications" on plaintiff's response brief. (ECF No. 52).

The court originally continued the first-scheduled hearing on the discovery sanctions motion from August 27, 2021, to September 29, 2021, due to court scheduling conflicts. (ECF No. 47). Following that continuation, additional scheduling conflicts between the parties led to a hearing date on discovery sanctions that is currently scheduled for November 18, 2021. (ECF No. 49). Pursuant to LR IA 6-1—and because the parties could not agree—plaintiff now moves the court to extend its response deadline to December 2, 2021.

In support of its motion, plaintiff points the court to its previous statement: "[i]f the [c]ourt grants plaintiff's motion [for discovery sanctions], then—if necessary—the [c]ourt shall

**James C. Mahan**
**U.S. District Judge**

issue a stay of the dispositive motions deadline and a limited extension of the discovery deadline for the sole purpose of ensuring compliance with the [c]ourt's order." (ECF No. 36).  However, that statement was made prior to the parties' stipulation to continue the discovery sanctions hearing an additional two months.  (ECF No. 48).  Thus, the new conflict in deadlines is not of the court's making.

Federal Rule of Civil Procedure 6(b) instructs that courts may grant an extension for good cause.  Fed. R. Civ. P. 6(b).  Courts are to construe this federal rule "liberally [in order] to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983).

Without good cause appearing, the court is not persuaded to further extend the summary judgment response deadline to December 2, 2021.  The parties have been in discovery for over a year and the court does not see how denying this request for an extension prejudices any party or encumbers the case being tried on the merits.

The court will, however, grant a one-week extension.  Additionally, if the court rules for discovery sanctions and new evidence comes to light that could materially impact this court's ruling on summary judgment, plaintiff may move for leave to supplement its response to defendant's summary judgment motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to extend time (ECF No. 52) be, and the same hereby is, DENIED in part and GRANTED in part.  Plaintiff shall have until October 21, 2021, to file a response to defendant's summary judgment motion (ECF No. 50).

IT IS FURTHER ORDERED that plaintiff may supplement its summary judgment response within 14 days following an order granting the discovery sanctions motion (ECF No. 33).  If the court denies the sanctions motion, plaintiff may not supplement.

DATED October 12, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**